UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD SMITH,

    Plaintiff,                                      CASE NO. 07-CV-14637

v.                                               DISTRICT JUDGE NANCY G. EDMUNDS
                                                   MAGISTRATE JUDGE CHARLES BINDER

PATRICIA CARUSO, Director
MDOC, MIAN, Dr., Eye Specialist,
JOHN DOE, Anesthesiologist and
all medical staff at Bixby Hospital,
LEIGH SHORES, Optometry Consultant/
Optometrist, MALANENSKE, Correctional
Medical Services Staff, M. DOLEY,
Optometrist, DANA GILLIN, Optometrist,
TRUDY K. CLINE, ACF's Health Care Worker,
ANN SCOTT, Grievance Coordinator,
M.A. SCHORFHOAR, R.N., C. PARKER, R.N.-III,
JULIE VANSETTERS, Reg. II, CAROL HOWES,
Warden, KEARNEY, Physicians Assistant,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RECOMMENDING *SUA SPONTE* DISMISSAL PURSUANT TO 28 U.S.C. 1915A(b)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. 1915A(b)(1).

**II.    REPORT**

    **A.    Introduction**

This *pro se* civil rights case brought under 42 U.S.C. § 1983 was referred by United States District Judge Nancy G. Edmunds for general case management on October 31, 2007. (Dkt. 3.)

Plaintiff Gerald Smith is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Pine River Correctional Facility in St. Louis, Michigan. Plaintiff applied for *in forma pauperis* status on October 30, 2007. (Dkt. 2.) After screening the *pro se* complaint pursuant to 28 U.S.C. 1915A, 1915(e)(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for Report and Recommendation.

**B.     Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

"Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J. H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

In addition to the allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added). In this case, the MDOC grievance documentation and medical records attached to Plaintiff's complaint will be considered part of the pleadings under *Nieman*, *supra.*

## C. The Complaint

Plaintiff complains that while incarcerated at the Florence Crane Correctional Facility ("ACF") in Coldwater, Michigan,[1] and continuing briefly while incarcerated at the Pine River Correctional Facility in St. Louis, Michigan ("SPR"), "there has been a very serious mistake in the lack of needed professional qualified medical care by the Mich. Dept. of Corrections Health Care

---

[1] I note that Coldwater, Michigan, Branch County, is located in the Western District, but also note that some of the Defendants work in Adrian, Michigan, Lenawee County, in the Eastern District of Michigan, Southern Division, and one Defendant works in St. Louis, Michigan, Gratiot County, also in the Eastern District of Michigan, Northern Division. 28 U.S.C. § 102. Thus, although most of the events took place in the Western District, it appears that venue would be proper in either the Eastern or Western District. 28 U.S.C. § 1391(b).

Agency known as C.M.S....[w]ho performed what was supposed to be a simple procedure, which has turned out to be disastrous." (Dkt. 1, Compl. at 4, Statement of Facts.) Plaintiff alleges "wilful and wanton neglect and direct violations of the 8th Amendment...[because] [t]his has been a careless mistake due to the fact that [plaintiff's] eye sight has diminished and gets worse each day and will never be the same again. (*Id.*) The remainder of Plaintiff's complaint consists of a ten-page "statement of facts" and a seventeen page "memorandum of law and statements of fact." Only pages five and six at the end of the "statement of facts" section are numbered and they correspond to pages nine and ten of that section.

Plaintiff complains that he has a condition called pseudophakia but was not informed that he had such a condition until it was mentioned in a response to one of his grievances. Plaintiff underwent lens transplant surgery for his condition and although he was told that the anesthesia would render surgery painless, he did indeed feel pain. Plaintiff further complains that although Plaintiff was given glasses, they did not cure his headaches nor did they correct his vision. Plaintiff saw Dr. Mian, and several optometrists while at ACF and in Adrian. When transferred to SPR, he saw the optometrist there and this optometrist "agree[d] with the other Optometrist [that] glasses won't do any good...[and that she] would be making a referral for [Plaintiff] to have the surgery done." Plaintiff was given this second surgery in June of 2007 but alleges that his vision "still was not clear" and was told that possible nerve damage causing the problem could not be corrected. Plaintiff was also told at that time that he would be getting new glasses. Plaintiff complains that there "has been a long delay in medical treatment since the initial surgery...[and] [t]here is a strong possibility that the delay has cause [sic] permanent damage." Plaintiff further complains that the optometry staff should have given him glasses more frequently, "even if it wouldn't have did [sic] any good." Plaintiff adds that after he was transferred to SPR, Defendant

4

Kearney, Physician's Assistant, told him that there is no surgical procedure to treat his eye condition and that patients who have pseudophakia are usually given tinted glasses to aid the sensitivity to light that patients experience. Although Plaintiff complains that he was not given new glasses, in his Second Step III Reason for Appeal, Plaintiff states his satisfaction with treatment at SPR:

> The new facility (SPR), that I've transferred to seems to have a totally different opinion than the health care staff at ACF. Since I've been here at SPR, I've seen an Optometrist who has made a referral for me to see a specialist. The specialist that I seen [sic] on 5/8/07 has recommended surgery and I'm waiting on the final approval now to have the surgery done. I shouldn't have had to leave that facility in order to receive so [sic] relief from my discomfort....I need not state my facts any further. The actions that are now being appropriated speaks [sic] for themselves.

(Dkt. 1, unnumbered Ex.)

**D.    Analysis & Conclusions**

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the Constitution. The Court explained that "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105.

The standard for deliberate indifference is two-pronged, consisting of both a subjective and an objective element. *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271, 279 (1991). In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Stewart v. Love*, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized

5

measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)). Thus, mere inadequate medical treatment is not sufficient to state a violation of the Eighth Amendment. In *Estelle,* the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. **Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.** In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (emphasis added) (quotations omitted).

As recognized in *Estelle*, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

In this case, Plaintiff not only received "some" medical attention, but numerous appointments, prescription glasses, and surgeries. I suggest that Plaintiff has alleged, at most, medical malpractice that does not take on constitutional dimensions merely because he is incarcerated. *Estelle, supra*. Plaintiff's own complaint sounds in negligence by repeatedly referring to the "mistakes" and "careless mistakes" made by various defendants. (Dkt. 1, Compl. at 4, Statement of Facts.) Even looking to Plaintiff's specific claims, the dispute centers on the

proper course of treatment for Plaintiff's pseudophakia. Plaintiff complains that glasses and surgeries were not given as regularly as he would like. The Complaint also reveals that Plaintiff's treating Optometrists were not in agreement as to whether surgery would be helpful or not. Here, it is unlikely that even medical malpractice has been alleged, let alone the higher standard of deliberate indifference. *Estelle, supra; Hix v. Tennessee Dep't of Corrections*, 196 Fed. Appx. 350, *6 (6th Cir. Aug. 22, 2006)(unpublished)(mere difference of opinions between doctors regarding diagnosis and prescribed treatment does not establish deliberate indifference).

I further suggest that the alleged pain felt during surgery, although Plaintiff was anesthetized, fails to state an Eighth Amendment violation. *See Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 1996) (prison doctor's denial of anesthetic while removing inmate's toenail was not sufficiently serious deprivation to constitute a denial of the minimal civilized measure of life's necessities). In addition, to the extent that Plaintiff has alleged a delay in treatment, Plaintiff has not averred how any delay has detrimentally affected him. *Napier v. Madison County,* 238 F.3d 739, 742 (6th Cir. 2001). Finally, Plaintiff has failed to aver facts showing that any defendants acted with a "sufficiently culpable state of mind" under the subjective component of the deliberate indifference standard. *Wilson,* 501 U.S. at 298.

Since I suggest that no deliberate indifference can be established on the part of any of the active defendants, the supervisory defendants could not be found to have "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of any of their subordinates. *Comstock v. McCrary*, 273 F.3d 693, 712-13 (6th Cir. 2001).

Accordingly, I suggest that Plaintiff has failed to state an Eighth Amendment claim against any of the Defendants; thus, I suggest that Plaintiff's case should be *sua sponte* dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: December 6, 2007                United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served on Gerald Smith by first class mail, and served on U.S. District Judge Edmunds in the traditional manner.

Date:  December 6, 2007        By     s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder